UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AMBER BROWN,<br><br>     Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY,<br><br>     Defendant. | Case No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

  Plaintiff Amber Brown ("Plaintiff") brings this action against defendant Enhanced Recovery Company ("ERC" or "Defendant"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

  1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant has been reporting inaccurate information that was published on Plaintiff's credit reports.

  2. Plaintiff submitted a debt validation letter to Defendant disputing the accuracy of reporting and asking Defendant to validate the details of the collection account.

  3. The FDCPA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendant continued to communicate the information without marking the account as disputed. Defendant's reporting was thus misleading as a matter of law.

  4. Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## PARTIES

5. Plaintiff resides in Pasco County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

6. Defendant ERC is a Florida corporation that regularly conducts business in this District, the principal purpose of which is to attempt to collect debts alleged to be due to another. ERC qualifies as a "debt collector" under the FDCPA.

## JURISDICTION AND VENUE

7. The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

8. Venue is proper in this District under 28 U.S.C. § 1391(b).

## SUBSTANTIVE ALLEGATIONS

**A.     The FCRA**

9. The case involves ERC collection account.

10. The underlying debt on the ERC account was originally owned by Sprint. The account was purportedly charged off and sold to ERC in June 2019. The ERC account was reported on Plaintiff's Experian and TransUnion credit reports.

11. On June 19, 2020, Plaintiff sent a debt validation letter directly to Defendant disputing the accuracy of information on the account.

12. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendant to cease communicating information about the account without marking the account as disputed.

13. In addition, Plaintiff submitted written disputes to TransUnion and Experian challenging the information reported on the ERC account. It is reasonable to infer that TransUnion and Experian timely notified ERC about the dispute, as required by federal statute.

14. The receipt of Plaintiff's dispute triggered Defendant's statutory obligations to conduct an investigation, mark the account as disputed, and delete the disputed information from Plaintiff's account.

15. Nonetheless, Defendant continued to communicate account information without marking the account as disputed.

16. Plaintiff's credit score suffered as a result of the misleading information communicated by Defendant, and Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

## CAUSES OF ACTION

### COUNT I

**Against ERC for Violating 15 U.S.C. § 1692e(8)**

17. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

18. 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

19. Defendant received a debt validation letter from Plaintiff stating that the information on the account was disputed.

20. Defendant also received notice of Plaintiff's dispute from TransUnion and Equifax.

21. Nonetheless, Defendant continued to report the details of Plaintiff's account to the credit reporting agencies without marking the account as disputed.

22. Plaintiff has been forced to deal with the aggravation and humiliation of a poor credit score.

23. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 12, 2021            **COHEN & MIZRAHI LLP**

*/s/ Yosef Steinmetz*
Yosef Steinmetz
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Phone: 929/575-4175
Fax: 929/575-4195
ysteinmetz@cmlattorneys.com
Florida Bar No. 119968
*Attorneys for Plaintiff*